Headley *v.* Goundry.

———————◆———————

## HEADLEY and SPEELMAN *vs.* ELECTA GOUNDRY.

A release of the lien of a mortgage, though void at law if not under seal, may be enforced in equity.

A court of equity can give effect to parol contracts; and a release not under seal is equivalent to a parol agreement for a release of the premises described in it.

Relief is given in such cases, and imperfect contracts made effectual, where the party seeking such relief is clearly entitled to the intervention of the court; upon the principle that what is agreed to be done is considered in equity as done when it ought to be done.

But where G. proposed to H. and S., to whom he and his wife had executed a mortgage, that if they would release the mortgaged premises from the lien of the mortgage, he would make a general assignment to them of all the rest of his property, to which H. and S. assented, and they accordingly executed a release not under seal; whereupon G. executed an assignment to H. and S. of his property, but before doing so he had, without the knowledge or consent of H. and S. assigned to his wife a demand held by him, against a third person, amounting to over $1600; and he executed a mortgage upon the premises, to his wife, to secure a previous debt; *Held* that the assignment of such debt to the wife of G. was a fraud upon H. and S. for which the wife was responsible; and that in an action by H. and S. to foreclose

the mortgage she could not claim to have the release established in her favor, except upon the relinquishment by her of the $1600 debt so assigned to her.

THIS action was brought to foreclose a mortgage, executed by Caleb Goundry and the appellant, his wife, to the plaintiffs, on the 15th of March, 1860, for the purpose of securing them as his indorsers. The defendant, Mrs. Goundry, appeared and answered, and in her answer, among other things, she alleged: That it was agreed that, in consideration that Goundry would make an assignment to the plaintiffs of *all his real and personal property,* and prefer the plaintiffs, and put their debts and liabilities in the first class, *so as to secure them against their liability,* the plaintiffs would release the house and lot in question from the lien of their mortgage, &c. The issue joined in said action was tried before the court at a special term, held in Yates county, on the 12th of February, 1862. The court, after hearing the proofs and allegations of the parties, found the following facts: 1st. The execution and delivery of the mortgage by Goundry and wife to the plaintiffs, as mentioned in the complaint. 2d. The making of the notes by Goundry and the indorsement by the plaintiffs for Goundry, as set forth in the complaint. 3d. That Goundry wholly failed to pay and take up the notes, and that the plaintiffs, as indorsers, were compelled to pay and had paid and taken them up. 4th. That there was due to the plaintiffs on account of having paid and taken up said notes, the sum of $5554.98. 5th. That the defendant, Mrs. Goundry, between 1849 and 1853, let her husband have some money belonging to her, received from her father's estate, which, on the 10th of December, 1860, with the interest, amounted to $2500; that she took no note or memorandum therefor at the time. Goundry promised to repay it with interest. 6th. That on the 10th of December, 1860, Goundry proposed to the plaintiffs that if they would release the house and lot in question from the lien of their mortgage, he would make a general assignment of *all the rest of his property* to

Headley *v.* Goundry.

them, except certain high wines, &c. then on hand: to which the plaintiffs consented, *upon condition that Goundry should and would fully secure them,* by his other property. 7th. That on the 11th of December, 1860, Goundry made a general assignment to the plaintiffs, as assignees, placing the demands for which they were liable among the preferred creditors, Goundry representing, at the time, that there was sufficient to pay all the demands mentioned in the first class. That the plaintiffs, relying upon such representations, and believing that Goundry had assigned all the property which he had on the 10th, when the proposition to release the house and lot was made, &c., signed a writing without seal, on the back of the mortgage, in these words: "I, Moses B. Headley, and Levi Speelman, the within mortgagees, do hereby release all claim, which we have by virtue of the within mortgage, to the premises described in the within mortgage, to wit: All [&c. describing the house and lot,] and hereby direct the discharge of the record of the same. Dated December 10th, 1860." 8th. That after the conversation between Goundry and the plaintiffs, on the 10th of December, and before the execution and delivery of the assignment, Goundry, without the knowledge of the plaintiffs, made over to his wife a demand which he held against some men in Pennsylvania, for high wines sold, of over $1600, which was good and collectable. That at the time of the delivery of the assignment, and the signing of the writing on the mortgage, by the plaintiffs, they were wholly ignorant of the fact that Goundry had made over to his wife the demand in Pennsylvania; the plaintiffs believing that he had assigned to them all the property which he had on the 10th, at the time of making the proposition to release the house. 9th. That on the day of executing the assignment, Goundry executed the mortgage to his wife, mentioned in her answer. 10th. That the property assigned by Goundry would not pay more than sixty cents on the dollar of the preferred debts. 11th. That the preferred demands amounted to over $12,500, and the assigned property

was not worth over $8000, including the house and lot. That the demands for which the plaintiffs were liable, as indorsers for Goundry, exceeded $10,000.

Upon the foregoing facts, the court found and decided as a conclusion of law, 1st. That the writing signed by the plaintiffs on the mortgage, on the 11th of December, 1860, was wholly inoperative, and did not release the mortgaged premises from the lien of the mortgage, and that the plaintiffs' mortgage was still a lien upon the whole of the mortgaged premises, &c. 2d. That the mortgage was a valid lien upon the whole of the mortgaged premises, to the full amount of the sum of $5554.98, as aforesaid, found due the plaintiffs, prior to any lien or claim which the defendants, or either of them, have upon said mortgaged premises, or any part thereof. 3d. That the plaintiffs were entitled to the usual judgment of foreclosure, and that the mortgaged premises be sold, &c. 4th. That in case there should be any deficiency the plaintiffs should have judgment against Goundry for such deficiency, &c. Upon filing the findings and decision of the court, judgment was accordingly entered on the 7th of August, 1862. To which the defendant, Electa Goundry, excepted, and appealed to this court.

*D. J. Sunderlin*, for the appellant.

*D. B. Prosser*, for the respondents.

*By the Court*, E. DARWIN SMITH, J. Upon the facts found by the judge before whom the action was tried, without a jury, I do not see why the judgment rendered was not correct. Assuming that the release executed by the plaintiffs was invalid at law, for want of a seal, the defendant, Mrs. Goundry, to establish it in equity, was bound to show that she had a superior equity to the plaintiffs. This release was valid in equity, and a court of equity would establish and enforce it, if in equity and good conscience Mrs. Goundry, as against

Headley *v.* Goundry.

the plaintiffs, is entitled to such relief, upon equitable principles. A court of equity can give effect to parol contracts, and this release is certainly equivalent to a parol agreement for a release of the lot or premises described in it. Relief is given in such cases, and imperfect contracts made effectual, where the party seeking such relief is clearly entitled to the intervention of the court, upon the principle that what is agreed to be done is considered in equity as done when it ought to be done, and such is the question presented in this case. Ought this court to deem this release to be valid in equity, and give it effect, notwithstanding its want of a seal, which though strictly required at law, is a mere legal formality, which courts of equity may disregard? It is found by the judge who tried this cause that Caleb Goundry, who was largely indebted to the plaintiffs, proposed to them, on the 10th of December, 1860, that they should release to his wife the house and lot in question, from the lien of the mortgage then held by them, and which the plaintiffs in this action are seeking to foreclose; and as an inducement for them so to do he said he would make a general assignment to them of all the rest of his property. That the plaintiffs assented to such proposition, and executed such release on the same day; that on the next day Goundry executed such assignment, but before the execution of the same, and on the said 10th day of December, without the knowledge of the plaintiffs, he assigned or made over to his wife a demand which he held against some men in Pennsylvania, for high wines sold by him, amounting to over $1600, which was good and collectable. Upon this finding upon the facts, which is fully warranted by the evidence, the assignment of the debt to his wife was a clear fraud upon the plaintiffs. Goundry himself swears that he told Mr. Headley, on the 10th of December, that if he and Mr. Speelman would release their right upon it (the house and lot) "under the mortgage which they held, I would make an assignment to them of my other property." It was clearly dishonest in Goundry to get this release from

Headley *v.* Goundry.

the plaintiffs upon an agreement to assign all his property, and retain and assign to his wife the $1600 claim or debt above mentioned; and Mrs. Goundry is responsible for this fraud. Her husband made the agreement for her, and she cannot avail herself of the benefit of the agreement made by him with the plaintiffs for her benefit, and disavow a part of the bargain. She cannot come into a court of equity for relief in respect to this release imperfectly executed, and retain the $1600 she has received from her husband in fraud of the agreement made when the release was executed. She has at best but an equal equity with the plaintiffs, for both are creditors of her husband, and they, the plaintiffs, have strictly the legal title. Courts of equity never overreach the legal title when it is sustained by an equal equity with that of the party seeking relief. The only ground upon which Mrs. Goundry's claim to have this release established in her favor must be the relinquishment by her to the plaintiffs, under the assignment, of the $1600 she received on the debt against the Pennsylvania debtors of her husband, transferred to her by him, in violation of his agreement with the plaintiffs. No offer being made in her answer to restore or transfer such debt or its proceeds to the plaintiffs, she is clearly entitled to no relief in this court; and the judgment of foreclosure ordered by the special term was clearly proper, and the same should be affirmed, with costs.

Judgment accordingly.

[MONROE GENERAL TERM, September 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]